**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **C & E SERVICES, INC., and** | ) | |
| **CARL L. BIGGS,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-1857 (JMF) |
| | ) | |
| **ASHLAND INC.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Before the Court is <u>Defendant Ashland Inc.'s Motion to Quash Plaintiffs' Subpoena Calling for the Testimony of Defendant's Trial Counsel Peter H. White</u> ("Motion") [#139]. For the reasons stated below, the Motion will be denied.

**I.  Introduction**

Defendant Ashland Inc. ("Ashland") moves to prevent its lead trial counsel, Peter H. White, from being called to testify at trial by plaintiffs C&E Services, Inc. and Carl L. Biggs (together, "C&E"). The testimony of Mr. White is of interest to C&E because of his role in representing Ashland while it was a party to a government investigation, and in negotiating a settlement on behalf of Ashland for all claims arising out of that investigation. Motion at 2.

C&E argues that Mr. White's testimony is relevant and necessary for two purposes. First, C&E believes that their claim for punitive damages against Ashland is supported by Mr. White's conduct during the investigation and settlement. Second, C&E argues that it cannot adequately defend itself against Ashland's counterclaims for

indemnification of the settlement without probing the nature and propriety of that settlement through the testimony of Mr. White, Ashland's primary negotiator.  <u>Plaintiffs' Opposition to Defendant Ashland Inc.'s Motion to Quash Plaintiffs' Subpoena Calling for the Testimony of Defendant's Trial Counsel Peter H. White</u> ("Opp.") at 1-2.

Ashland responds that Mr. White's testimony would be irrelevant and unnecessarily cumulative, could be obtained through other sources, and that Ashland would be severely prejudiced if its lead trial counsel were forced to testify.  Motion at 1.  Ashland also accuses C&E of seeking Mr. White's testimony in order to disrupt Ashland's trial preparations.  <u>Id.</u>

At a hearing held on April 11, 2008, Mr. White was examined by both parties as to his role in the investigation and settlement between Ashland and the government.

## II.  **Discussion**

### a.  **The Relevance of the Testimony**

I make the conditional ruling that Mr. White's testimony is relevant and admissible.  First, I am not persuaded by Ashland's argument that C&E's demand for punitive damages stemming from the settlement negotiations is untethered to their fraud claim.  <u>Defendant Ashland Inc.'s Reply Memorandum in Support of Defendant's Motion to Quash Plaintiffs' Subpoena for the Testimony of Defendant's Trial Counsel Peter H. White</u> ("Reply") at 2-6.  I see at this point a connection between C&E's claim that they were "duped" into listing Ashland's defectively-priced products on their schedule, and their allegations of impropriety in how Mr. White settled the government's case against Ashland.  C&E can argue from Mr. White's testimony that he purposefully attempted to shift the government's focus from Ashland to C&E, and that conduct was part of a

scheme that permeated plaintiffs' relationship with Ashland pursuant to which Ashland constantly attempted to shift blame from itself to C&E.

Second, Ashland is asserting the claim that it should be indemnified by C&E for the money it had to pay the government to settle what it claims were allegations against C&E.  C&E argues that the settlement was the result of Ashland's conduct, and at this point I think that they have the right as part of their defense to pursue how that settlement was achieved and the reasonableness of the amount paid.  Mr. White's testimony bears on both issues.

      **b.**      **The Propriety of Admitting the Testimony**

There is no absolute prohibition on a party calling its opponent's counsel to testify at trial.  See, e.g., Dist. Columbia R. Prof. Conduct 3.7 (lawyer as witness); CHRISTOPHER B. MUELLER AND LAIRD C. KIRKPATRICK, FEDERAL EVIDENCE § 6:3, Lawyers as Witnesses (Sept. 2007) (the Federal Rules of Evidence "do not make lawyers incompetent as witnesses in cases they are trying").  Nevertheless, significant concerns are raised at the prospect of an attorney acting as both advocate and fact witness.

The first concern is that the party calling its opposing party's counsel to testify may be doing so in order to gain an unfair advantage by causing that counsel to withdraw or be disqualified, which could have a devastating impact on the opposing party.  See Am. Bar Assoc., Annotated Model Rules of Prof. Conduct, Commentary to Rule 3.7, at 8.[1] (hereafter "ABA") (client prejudiced by tactical motion to disqualify because of need to get new counsel and cost of litigating motion).  Though I have expressed my displeasure that C&E, aware of this problem two years ago, waited until a few days before the pre-trial conference to bring this matter to my attention, I do not believe that

---

[1] My citation is to the version in Westlaw.

they are calling Mr. White as part of an unfair tactic that warrants the sanction of precluding his testimony. C&E has not moved to disqualify Mr. White, and Ashland has indicated its willingness to proceed with him as its trial counsel even if he is called as a witness. It is also the case that both parties have been diverted from their trial preparation by having to focus on this issue.

The second concern is the potential prejudice to the party opposing the testifying attorney because they must confront opposing counsel who is both advocate and fact witness. Dist. Columbia R. Prof. Conduct 3.7, Comments 1-2. In this case, however, C&E has waived any claim of such prejudice.

It might appear at first glance that, because there is no motion to disqualify and no claim of prejudice, any concerns about Mr. White's testimony have been resolved. It is anything but clear, however, that such a development relieves the Court of its independent responsibility to insure the integrity and fairness of the process. See ABA at *4 ("Confusion regarding the lawyer's role could prejudice a party or call into question the impartiality of the judicial process itself.").[2] The Court has an obligation to reduce the potential harm to the process if it cannot be avoided altogether.

I am not persuaded by Ashland's argument, however, that the deposition testimony of Mr. David Abner, given as Ashland's representative pursuant to Federal Rule of Civil Procedure 30(b)(6), can serve as a sufficient replacement for Mr. White's testimony. Motion at 6-7; Reply at 6-8. Whereas Mr. Abner could, as a 30(b)(6) witness, convey at his deposition what he learned from Mr. White about the settlement (Mr. Abner

---

[2] As the ABA Commentary indicates, the courts have found that the mixing of roles may: (1) raise the appearance of impropriety; (2) disrupt the normal balance of judicial machinery; (3) permit the perception that the lawyer is shading his testimony to help his client; (4) enhance the credibility of the advocate who takes the oath; or (5) conversely, diminish the credibility of the advocate if his testimony is proven false. ABA at *4.

was not employed by Ashland when the events at issue occurred), he cannot possibly testify at trial to events as to which he had no personal knowledge. Fed. R. Evid. 602. Moreover, the nature and relevance of Mr. White's alleged actions and knowledge make the reading of Mr. Abner's deposition testimony, even if permitted under Rule 602, an inadequate substitute for testimony by Mr. White.

With that said, I emphasize that this ruling is conditional. Trials are dynamic and in many of them evidence that seems crucial when the trial begins proves not to be when other evidence is received. I will therefore require that Mr. White be C&E's last witness, and the issue of whether he should testify will be revisited before he is called to the stand. Until that point, there will be no reference by any lawyer to the potential that he may testify or to the testimony he may give. I also direct plaintiffs to secure the transcript of the hearing held on April 11, 2008, so that I will have the option of having it read to the jury in lieu of Mr. White's live testimony.

### III.  Conclusion

For the reasons stated above, Ashland's Motion will be denied.


Dated: April 14, 2008                                   /s/
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE