**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| C & E SERVICES, INC., and <br> CARL L. BIGGS, <br><br> Plaintiffs, <br><br> v. <br><br> ASHLAND INC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 03-1857 (JMF) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

Before the Court is <u>Plaintiffs' Motion *In Limine* Regarding Testimony of Witnesses Not Previously Disclosed and/or Deposed</u> ("Motion") [#147]. For the reasons stated below, the Motion will be denied.

**I.  Introduction**

Plaintiffs C&E Services, Inc. and Carl L. Biggs (together, "C&E") seek to preclude testimony at trial by any witness who: (1) has not been identified as a potential witness during discovery; (2) is not authorized and made available to testify live;[1] (3) is restricted with respect to the scope of testimony; (4) has not been made available for a deposition in advance of the trial; or (5) has not produced a copy of their files and other relevant documents in advance of the pre-trial deposition. <u>Memorandum in Support of Plaintiffs' Motion *In Limine* Regarding Testimony of Witnesses Not Previously Disclosed and/or Deposed</u> ("Memo") at 1.

---

[1] This issue appears to be moot; whereas the Department of Health and Human Services (HHS) had previously agreed to produce Doris Vaughn and Lorraine Geiser only by affidavit, an agreement has since been reached for them to present live testimony at trial.

**II.     Rule 6(b)**

C&E's Motion was filed on April 2, 2008, over one month after the February 25, 2008, deadline for motions *in limine*. See Minute Order (Jan. 15, 2008). As this Court has previously noted, it "is an abuse of the court's discretion to consider an untimely filing in the absence of" a motion demonstrating that the party failed to act because of excusable neglect. Inst. for Policy Studies v. C.I.A., 246 F.R.D. 380, (D.D.C. 2007) (citing Smith v. Dist. of Columbia, 430 F.3d 450, 457 (D.C. Cir. 2005)). See also Fed. R. Civ. P. 6(b)(1)(B); Everson v. Medlantic Healthcare Grp., No. 00-cv-226, 2006 WL 297711, at *1 (D.D.C. Feb. 7, 2006) (striking motions *in limine* filed out of time, where no motion was made for enlargement).

No such motion was initially filed by C&E, although they did later file – after Ashland Inc. ("Ashland") argued in its opposition that the Motion was untimely – Plaintiffs' Motion for Leave to File Motion *In Limine* Regarding Testimony of Witnesses Not Previously Disclosed and/or Deposed ("Motion for Leave"). In their Motion for Leave, C&E refers to Plaintiffs' Reply Memorandum in Support of Motion *In Limine* Regarding Testimony of Witnesses Not Previously Disclosed and/or Deposed ("Reply"), in which they argue that any delay in filing their Motion was the result of excusable neglect. Reply at 9-10. Ashland responds that, in essence, C&E's after-the-fact Motion for Leave is "too little too late." Defendant Ashland Inc.'s Opposition to Plaintiffs' Motion for Leave to File Motion *In Limine* Regarding Testimony of Witnesses Not Previously Disclosed and/or Deposed.

As evidenced below, the Court need not resolve this matter because the Motion would not succeed on the merits, even if timely.

- 3 -

**III.     <u>Vaughn and Geiser</u>**

C&E objects to the introduction of trial testimony of Vaughn and Geiser because "Ashland did not disclose either individual as a potential witness in its discovery responses or any supplements thereto." Memo at 4. A party must supplement its initial disclosures if it "learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Ashland argues that it need not have identified Vaughn or Geiser because their identities were known to, and not disclosed by, C&E, and because C&E produced documents identifying Vaughn and Geiser and were thus on notice "of their existence and that they held relevant knowledge." Opp. at 13. Ashland points to two purchase orders, one signed by Geiser and the other by Vaughn, that were faxed to C&E in 1998.

It is unreasonable to argue that C&E should have been aware of the significance of Vaughn and Geiser based on their signatures being on two purchase orders. Regardless, in light of the significance to its defense which Ashland attaches to Vaughn and Geiser, Ashland should have identified them in a supplemental disclosure. To not have done so, and to then argue that their trial testimony is critical to its defense, strikes this Court as presenting the type of unfair surprise which Rule 26 is designed to prevent. The failure to identify Vaughn and Geiser, then, was not "substantially justified." Fed. R. Civ. P. 37(c)(1).

Nevertheless, Ashland is correct that the failure to disclose the identity of witnesses prior to the pretrial statement does not automatically disqualify those witnesses

from testifying at trial. Opp. at 15. That testimony is only to be permitted, however, if that failure is "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As just discussed, the failure was not substantially justified; the question then turns to whether it was harmless. In addressing a similar situation in Coles v. Perry, 217 F.R.D. 1 (D.D.C. 2003), I made the following observations:

> First, the parties have spoken of generic harm or have used examples, and I am presently confronted with ruling as to specific witnesses and documents. Second, it has been my consistent experience that parties rarely introduce into evidence all of the exhibits they list in their pre-trial statements and I see no reason to expend judicial resources on documents that may never be introduced.

Id. at 5-6.

As in Coles, it is difficult here for the Court to assess the harm to C&E in the abstract. Without first hearing from Vaughn and Geiser, it is difficult to determine what harm, if any, C&E will suffer by not having had the opportunity to conduct document discovery and depositions. Moreover, as in Coles, the Court can not say for sure whether this testimony will ever be introduced – indeed, at this moment, the appearance of Vaughn and Geiser is being challenged by HHS and is subject to a motion to compel, filed by Ashland, that is not yet ripe.

For these reasons, if Vaughn and Geiser appear at trial to testify, their testimony will not be admitted until a *voir dire*, outside of the presence of the jury, is held. At that hearing, in which Ashland will bear the burden of proving harmlessness to C&E, I will use the following criteria,[2] which I set forth in Coles:

> The testimony of a witness or the introduction of a document will be deemed harmful if it was likely that a

---

[2] These criteria "are not exclusive and I will consider any other argument as to harm or lack of it either party wishes to make." Coles, 217 F.R.D. at 6.

- 4 -

>reasonable attorney, learning of the witness or the existence of the document, would have engaged in additional discovery or sought to meet the probative force of the testimony or document by creating countering evidence.

Id. at 6.

## IV.    Merski and Stroot

### A.    Restricted Testimony

Glenn Merski, of the General Services Agency, and Cynthia Stroot, of the Department of Defense, had initially been permitted by their respective agencies to testify at trial in a limited manner. Merski was permitted to testify only with respect to the facts in an affidavit she had previously provided to Ashland that was used to support its motion for summary judgment, and Stroot's testimony was to be limited to a number of pre-determined issues and would be subject to numerous restrictions. The parties have been in discussions with the government that may ultimately resolve this issue.

Nevertheless, and regardless of C&E's Motion, testimony before this Court is governed by the Federal Rules of Evidence and the Federal Rules of Civil Procedure, not by an agency's "internal housekeeping" Touhy regulations. Watts v. S.E.C., 482 F.3d 501, 508-09 (D.C. Cir. 2007) (quoting Comm. for Nuclear Responsibility, Inc. v. Seaborg, 463 F.2d 788, 793 (D.C. Cir. 1971) (5 U.S.C. § 301, the statute authorizing Touhy regulations, "does not confer a privilege"); 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.05[1][b] (3d ed. 2006) ("[T]hough an agency regulation may provide the method by which an agency head will comply with or oppose a subpoena, the legal basis for any opposition to the subpoena must derive from an independent source of law such as a governmental privilege or the rules of evidence or procedure.")).

B.     **Pre-Trial Depositions**

C&E moves to preclude the testimony of Stroot and Merksi unless they are each subject to a "pre-trial deposition." Memo at 8-10. The Court is aware of no authority, and none was provided by C&E, that conditions the admissibility of a lay witness's trial testimony on that lay witness having first been deposed by the opposing party. To the contrary, the Federal Rules of Civil Procedure do not require parties to identify lay witnesses who may be called to testify at trial until 30 days before trial, unless the court orders otherwise. Fed. R. Civ. P. 26(a)(3)(A)(i). Cf. LCvR 16.5(b)(1)(iv) (disclosure of schedule of witnesses required in pretrial statement). Discovery will usually have closed by that time, as it has here, and therefore the Rules contemplate that parties will conduct their depositions without the benefit of knowing which witnesses will be called at trial. See Am. Soc. for Prevention of Cruelty to Animals v. Feld Ent., Inc., No. 03-cv-2006, 2007 WL 4916959, at *1 (D.D.C. Dec. 18, 2007) ("In every case, a party, having received her opponent's initial disclosures, must husband the limited number of depositions and choose the most important or significant witnesses."); Banks v. Office of Senate Sergeant-at-Arms, 222 F.R.D. 7, 15 (D.D.C. 2004) (refusing to compel early disclosure of trial witnesses). It is inevitable, then, that lay witnesses who have not been deposed will sometimes be called to testify at trial.

The Rules do require, however, that each party provide in their initial disclosures the identity of "each individual likely to have discoverable information," which would presumably encompass all potential trial witnesses. Fed. R. Civ. P. 26(a)(1)(A)(i). Ashland fulfilled that obligation by identifying Stroot and Merski in its initial disclosures,

which were served on C&E on April 22, 2005.[3]  Initial Disclosures of Ashland, Inc. Under Fed. R. Civ. P. 26(a)(1), attached as Exhibit 2 to Defendant Ashland Inc.'s Opposition to Plaintiffs' Motion *In Limine* Regarding Testimony of Witnesses not Previously Disclosed and/or Deposed ("Opp."), at 3-4.  "Because the Court is satisfied that [Ashland], in accordance with the Federal Rules of Civil Procedure, has fulfilled its disclosure obligations with respect to" Stroot and Merski, their testimony will be permitted regardless of whether C&E is able to conduct pre-trial depositions.[4]  Stevens v. National R.R. Passenger Corp., No. 05-cv-1924, 2007 WL 1830870, at *2 (D.D.C. June 26, 2007).

### C.  Pre-Trial Document Production

C&E also seeks to bar any trial testimony by witnesses who do not, in advance, produce copies of their files and other documents relevant to their testimony.  Memo at 10-11.  The Court is aware of no authority, and none was provided by C&E, that conditions the admissibility of a lay witness's trial testimony on that lay witness having first engaged in document production.  To the extent that it seeks the production of documents from non-parties, C&E should have utilized Rule 45 of the Federal Rules of Civil Procedure.  Watts, 482 F.3d at 508.

### V.  Conclusion

For the reasons stated above, C&E's Motion will be denied.

---

[3] Ashland also points to other occasions in which it provided notice to C&E of its interest in the trial testimony of Stroot and Merski.  Opp. at 5-6, 8-9.

[4] The Court has been informed by counsel for C&E that, although the Department of Defense was amenable to producing Stroot for a pre-trial deposition, prior obligations caused her to be unavailable during the limited time between the date of her subpoena and the start of the trial.  With time being the only remaining obstacle to Stroot's deposition, it is clear that the failure to depose Stroot is a self-inflicted injury: having been on notice of Stroot's relevance to this case as early as April 2005, C&E did not until the eve of trial serve a subpoena on Stroot pursuant to Watts, 482 F.3d at 508.

- 8 -

Dated: April 14, 2008                                   /s/
                                                JOHN M. FACCIOLA
                                                UNITED STATES MAGISTRATE JUDGE